# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| RICHARD LEON JORDAN, | |
| Plaintiff, | No. C07-3049-PAZ |
| vs. | **AMENDED AND SUBSTITUTED MEMORANDUM OPINION AND ORDER** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

_____

The defendant's motion (Doc. No. 20) to alter or amend judgment is **granted**. The court's Memorandum Opinion and Order of September 30, 2008, was filed in error. The order and resulting judgment are **withdrawn**. The following amended opinion is substituted in place of the previous order, and the Clerk of Court is directed to issue an Amended Judgment consistent with this opinion.

This matter is before the court for judicial review of the defendant's decision denying the plaintiff's applications for disability insurance ("DI") benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and supplemental security income ("SSI") benefits under Title XVI of the Act. The plaintiff Richard Leon Jordan filed his applications on March 3, 2004, alleging his disability began on August 15, 2003. Jordan claims he is disabled due to hypertension, shortness of breath, and back and joint pain.

Jordan's applications were denied initially and on reconsideration. He requested a hearing, and a hearing was held on March 27, 2006, before Administrative Law Judge ("ALJ") George Gaffaney. Jordan was represented at the hearing by attorney Blake Parker. Jordan testified at the hearing, and Vocational Expert ("VE") Carma Mitchell also testified. On November 6, 2006, the ALJ held that Jordan was not under a disability within the meaning of the Social Security Act at any time from August 15, 2003, through the date of the decision. Jordan appealed the ALJ's decision, and on May 16, 2007, the

Appeals Council denied his request for review, making the ALJ's decision the final decision of the Commissioner.

Jordan filed a timely Complaint in this court seeking judicial review of the ALJ's ruling. On September 17, 2007 with the parties' consent, Judge Mark W. Bennett transferred the case to the undersigned for final disposition and entry of judgment. The parties have briefed the issues, and the matter is now fully submitted and ready for review.

The issue before the court is whether the ALJ applied the correct legal standards, and whether his factual findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Page v. Astrue*, 484 F.3d 1040, 1042 (8th Cir. 2007) (citations omitted). In this deferential review, the court considers the record in its entirety to determine whether a reasonable mind would find the evidence adequate to support the Commissioner's conclusion. *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002) (citations omitted); *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006). Here, Jordan argues the ALJ erred in failing to give proper weight to the opinions of Jordan's treating physician regarding his functional limitations, in deciding the case at the fourth step of the sequential analysis, and in asking an improper hypothetical question. He argues the record does not contain substantial evidence to support the ALJ's conclusion that he is not disabled.

Jordan was 52 years old at the time of the ALJ hearing. He was 6'4" tall, and weighed 330 pounds. He lived with his mother. He had a ninth grade education. In the fifteen years preceding the hearing, he worked as a loader, construction worker, gate guard, molding machine tender, and control signaler.

Jordan has a long history of extreme, uncontrolled high blood pressure, dating back to at least 1999. His claimed disability stems from the sequella of hypertension, which include headaches, chronic renal insufficiency, non-insulin-dependent diabetes mellitus, obesity, gout, and degenerative joint disease. He also has congenital deafness in the left ear. Jordan testified he has not been able to work since August 2003, because of these

conditions and because he cannot pass an employment physical. The ALJ discounted Jordan's testimony, and found his impairments do not preclude him from performing his past relevant work as a gate guard.

Jordan claims the ALJ erred in incorrectly assessing the opinions of Dr. David Mulder, his treating physician. In a report dated March 23, 2006, Dr. Mulder opined that Jordan can lift or carry up to twenty pounds occasionally and ten pounds frequently. He can stand and walk for no more than two hours total in a normal workday, but can only stand for thirty minutes at a time before he must change position. He can sit for a total of two hours during the workday, but can only sit for ninety minutes before he has to change position. He should never stoop, bend, crouch, or climb stairs or ladders. He cannot push due to pain. He cannot climb stairs except by crawling. The ALJ found these limitations to be inconsistent with Jordan's reported activities of daily living. He further observed that "complaints of neck arthritis, back pain due to excess weight and joint pain have not resulted in further diagnostic work-up or treatment." The ALJ also found that the limitation on Jordan's ability to climb stairs was "completely unsupported by the record."

Dr. Mulder was a treating physician, and his opinions therefore should be given controlling weight if they are consistent with substantial evidence in the record. *See, e.g., Prosch v. Apfel*, 201 F.3d 1010 (8th Cir. 2000). There is nothing in the record to support the ALJ's decision to discount Dr. Mulder's opinions. The ALJ's statement that Jordan never followed up on the neck arthritis and back pain observed by Dr. Mulder is incorrect. Jordan's joint pain was followed by doctors at the University of Iowa Hospital. The ALJ does not point out how Jordan's limited activities of daily living are inconsistent with the limitations suggested by Dr. Mulder, and the record establishes no such inconsistency. All of Dr. Mulder's opinions were supported by substantial evidence in the record.

Jordan further argues the ALJ incorrectly stopped his analysis at step four of the sequential evaluation process based on the VE's testimony that Jordan could perform his past relevant work. The VE's testimony was based on a hypothetical question that did not

include the limitations imposed by Dr. Mulder. Although an ALJ need only include in a hypothetical question those impairments he accepts as true, *see*, e.g., *Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997); *House v. Shalala*, 34 F.3d 691, 694 (8th Cir. 1994); a proper hypothetical question must fully describe the claimant's abilities and impairments as evidenced in the record. *See Chamberlain v. Shalala*, 47 F.3d 1489, 1495 (8th Cir. 1995) (citing *Shelltrack v. Sullivan*, 938 F.2d 894, 898 (8th Cir. 1991)). If a hypothetical question does not encompass all relevant impairments, the VE's response cannot constitute substantial evidence to support the ALJ's finding of no disability. *Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996) (citing *Hinchey v. Shalala*, 29 F.3d 428, 432 (8th Cir. 1994)). Here, where Dr. Mulder is a treating physician, and his suggested limitations are supported by substantial evidence in the record, the VE's response to a hypothetical question that failed to include those limitations cannot constitute substantial evidence to support the ALJ's decision.

Nevertheless, the court stops short of finding that the record contains substantial evidence to support an award of benefits after an analysis under step five. This is a determination that should be made by the Commissioner after remand.

Accordingly, the Commissioner's decision is **reversed** and this case is **remanded** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

**DATED** this 15th day of October, 2008.

_____
PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT